IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRANT TURNER, et al, <br><br>　　　　　*Plaintiffs*, <br><br>　v. <br><br>U.S. AGENCY FOR GLOBAL MEDIA, et al., <br><br>　　　　　*Defendants*. | **Case No. 20-cv-2885-BAH** |

**MOTION FOR LEAVE TO FILE BRIEF OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND 16 MEDIA ORGANIZATIONS AS AMICI CURIAE SUPPORTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

　　　　Proposed amici curiae, the Reporters Committee for Freedom of the Press and sixteen media organizations, respectfully move this Court under Local Civil Rule 7(o) for leave to file the attached amici curiae brief in support of Plaintiff's Motion for a Preliminary Injunction. The proposed brief is attached to this Motion.

　　　　1.　　This Court "has broad discretion to permit . . . participat[ion] [of] amici curiae," and amicus participation is appropriate where amici have "relevant expertise and a stated concern for the issues at stake in [the] case." *Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).  This Court has recognized that an amicus brief should "normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *see also Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (same).

　　　　2.　　Lead amicus the Reporters Committee is an unincorporated nonprofit

1

association of reporters and editors dedicated to defending the First Amendment and newsgathering rights of the press.  As organizations committed to defending First Amendment freedoms, amici have a powerful interest in ensuring that the U.S. Agency for Global Media ("USAGM") complies with Congress's instruction to observe "the highest professional standards of broadcast journalism," 22 U.S.C. § 6202(a)(5), and that the constitutional rights of all journalists, including the working journalists at USAGM networks, are not infringed, *see, e.g.*, *Reporters Committee Letter: Congress Must Protect Voice of America's Editorial Independence*, Reporters Comm. for Freedom of the Press (Apr. 28, 2020), https://perma.cc/34QC-8G5D.

3. The amicus brief highlights for the Court the important role that editorial independence—and the credible appearance of independence—has played in the success of Voice of America and its sister networks.  Amici also explain why Congress's decision to guarantee the networks journalistic autonomy equal to that of a private news organization has First Amendment significance.

4. Amici are uniquely positioned to provide the Court with information and insight based on their experience advocating on behalf of reporters and media outlets.  The proposed amicus brief puts the Defendants' actions and their effects on journalists and news organizations in the context of First Amendment requirements.

5. Defendants have no objection to amici filing an amicus brief on or before October 22, 2020.  Plaintiffs consent to the filing of the amicus brief.

Dated: October 22, 2020    Respectfully submitted,

/s/ Bruce D. Brown

BRUCE D. BROWN
(D.C. Bar No. 457317)
  *Counsel of Record for Amici Curiae*
KATIE TOWNSEND
GABRIEL ROTTMAN
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Ste. 1020
Washington, DC 20005
Telephone: 202.795.9300
bbrown@rcfp.org

*Counsel for Amici Curiae*